# Richmond

COMMONWEALTH OF VIRGINIA, DIVISION OF MILITARY
AFFAIRS, EMPLOYER, AND COLUMBIA CASUALTY
COMPANY, INSURER V. HELEN M. GRANGER.

November 22, 1948.

Record No. 3440.

Present, All the Justices.

*John G. May, Jr.* and *Robert Lewis Young*, for the appellants.

*M. Wallace Moncure, Jr.* and *Jack H. Barney*, for the appellee.

SPRATLEY, J., delivered the opinion of the court.

This is an appeal from an award of the Industrial Commission directing the Commonwealth of Virginia and the Columbia Casualty Company, its insurance carrier, to pay the costs of certain surgical fees and hospital expenses, held to be incident to the repair of a compensable hernia suffered by Miss Helen M. Granger, an employee of the Division of Military Affairs of the State. Miss Granger was injured by an accident, arising out of and in the course of her employment, as hereinafter described.

For convenience the appellants will be referred to as the employer and Miss Granger as the claimant.

On June 29, 1946, the claimant, who is secretary to the Adjutant General of Virginia, tripped and fell while decending a flight of steps in the State Office Building. On July 1, 1946, the Adjutant General, on behalf of her employer, filed a report of the accident listing the claimant's injuries as follows: "Violent shock, sprained back and other cuts and bruises undetermined."

Dr. H. E. Ferguson, her attending physician, filed a

report on July 10, 1946, describing the nature and extent of her injuries as "Contusion of both lower extremities with hematoma. Sprain and pulled muscles in both with no fractures."

In a memorandum of agreement as to payment of compensation, dated August 6, 1946, between the appellants and the claimant, the identical language of Dr. Ferguson was used in describing the injuries. The terms of this agreement provided for the payment of $20 per week during disability, stating, however, that full salary had been paid Miss Granger by the Commonwealth during her disability. On the same date the agreement was approved by the Industrial Commission.

A second attending physician's report was prepared and filed with the Commission by Dr. Ferguson on March 20, 1947. In this report, the physician stated that the claimant was not suffering from any other disabling condition not due to the accident "except previous hernia, abdominal which is now giving obstructive symptoms."

Early in April, 1947, the claimant consulted Dr. Carrington Williams, "complaining of abdominal hernia which was a result of an operation done some years before." Dr. Williams stated, after having made an examination of the claimant, that it was his opinion the accident of June 29th could not have caused the "prior hernia." He added: "However, an aggravation of the hernia which brought her to operation might have resulted from the accident." On April 15, 1947, Dr. Williams performed an operation on the claimant for repair of the hernia and abdominal wall weakness.

Shortly before April 15, 1947, the claimant was examined by Dr. E. T. Trice. He stated that he knew some of the claimant's background, which began with an operation performed by him in 1937 for the removal of a large fibroid from her uterus, the wound from which disrupted seven days later and was resutured. In his opinion, the injury of June 29, 1946, "was limited to the soft tissues of the left ankle."

At a hearing before Commissioner W. H. Nickels, Jr., on October 28, 1947, claim was made for compensation covering the cost of the surgical fees and hospital expenses attendant upon the operation of April 15, 1947. Compensation benefits were disputed on the grounds that the hernia pre-existed the accident of June 29, 1946, and that the medical expenses for the operation of April 15, 1947, were incurred more than two hundred and forty days after the accident. The Commissioner directed the claimant to obtain another report from Dr. Ferguson as to whether or not the fall had caused or aggravated her previous condition.

On November 7, 1947, Dr. Ferguson reported by letter to the Commission, as follows:

"Prior to her fall, patient did have a tendency toward a post-operative abdominal wall weakness which was not bothering her. After the fall, this weakness in the abdominal wall was aggravated and gave way. This produced a large pseudo-hernial sac which was filled with viscera and was producing intermittent and severe cramping pains."

On January 5, 1948, Commissioner Nickels found that the facts proved the "claimant had what is termed a potential hernia in the abdominal wall due to weakness from former surgical operations, and that this potential condition developed into a hernia from the trauma received in the fall of June 29, 1946." He held that that accident "was the producing cause of the hernia" and entered an award in claimant's behalf covering the surgical fees and the hospital expenses incident to the repair of the hernia, and also ordered the appellants to pay the cost of the proceeding. No other compensation payments were allowed for the reason that the claimant continued to receive her basic salary from the Commonwealth during the period of her disability.

On review before the full Commission on April 12, 1948, the appellants stressed their contention that since the medical and hospital expenses incident to the repair of the hernia by operation were not incurred until more than two hundred and forty days after the accident, the claimant was barred from recovery by reason of the limitation of the employer's

liability for such expenses imposed by section 26 of the Workmen's Compensation Act, Virginia Code, 1942 (Michie), section 1887 (26), Acts 1930, page 57.

The Commission held that the limitation provided in section 26 is not applicable in hernia cases. In support it cited *Maryland Cas. Co.* v. *Robinson*, 149 Va. 307, 141 S. E. 225. It approved the ruling and findings of the hearing Commissioner and dismissed the application for review.

The first assignment of error is that there is no evidence to support the finding of the Commission that the hernia, for the correction of which an operation was performed on June 15, 1947, was a result of the accident of June 29, 1946, and compensable under section 2-e of the Workmen's Compensation Act, 1948 Cumulative Supplement to the Virginia Code, 1942 (Michie), section 1887 (2-e), Acts 1944, pages 98 *et seq.*, in that it was shown that the hernia existed prior to the accident, and "no unusual symptoms from that condition were observed until eight or nine months after the accident."

The second assignment is that the Commission erred in holding that section 26 of the Workmen's Compensation Act does not apply to cases of hernia.

The claimant contends that the evidence shows her hernia developed from the accident, and that the second paragraph of section 2-e of the Workmen's Compensation Act, which provides that: "All hernia * * * proven to be the result of an injury by accident arising out of and in the course of the employment, shall be treated in a surgical manner by radical operation," was "intended to take care of an employee who had an operative hernia," and requires "the employer or his insurance carrier to pay the cost of such operation." In other words, she contends that the limitation in section 26 of the Act is not applicable in hernia cases.

In view of the conclusion which we have reached with reference to the second assignment of error, it is unnecessary to consider whether the requisites for a case of compensable hernia, as enumerated in section 2-e of the Workmen's Com-

pensation Act, were established. We need consider only so much of the evidence as relates to the date of the accident and the date of the medical attention furnished the claimant at the time of her operation for hernia, and the law applicable thereto.

It will be remembered that the accident occurred on June 29, 1946. The operation on the claimant for hernia was performed April 15, 1947. The medical expenses were thereby incurred more than two hundred and forty days after the accident.

Virginia Code, 1942 (Michie), section 1887 (26), Acts 1930, page 57, provides as follows:

"Section 26. For a period not exceeding sixty days after an accident the employer shall furnish or cause to be furnished, free of charge to the injured employee, such necessary medical attention as the nature of the accident may require, and the employee shall accept, and during the whole or any part of the remainder of his disability resulting from the injury, the employer may, at his own option, continue to furnish or cause to be furnished, free of charge to the employee, and the employee shall accept, an attending physician, unless otherwise ordered by the Industrial Commission, and in addition, such surgical and hospital service and supplies as may be deemed necessary by said attending physician or the Industrial Commission. *Provided, however, that in unusual and extraordinary cases, where, in the judgment of the majority of the Industrial Commission, the facts require a reasonable extension of such medical attention beyond the said period of sixty days, such majority of the said commission may, in its discretion, require the employer to furnish free of charge to the injured employee such medical attention for a reasonable time after the termination of the said sixty-day period, but not in excess of one hundred and eighty days.*" (Italics supplied).

"The Virginia Workmen's Compensation Act," Code, 1942 (Michie), chapter 76-A, sections 1887 (1)-1887 (79), inclusive, Acts 1918, page 637, and the amendments thereto constitute one complete Act. Code, section 1887 (2-e),

Acts 1944, pages 98 *et seq.*, is not a complete compensation Act of itself. It is only one of the sections of the complete Act. As such it sets out the evidential requirements to establish the right of compensation for hernia from injury by accident arising out of and in the course of an employee's employment, and specifies the nature of the medical treatment which the employer must provide for compensable hernia. One section of the complete Act provides the time within which notice of an accident shall be given. Section 1887(23), Acts 1918, page 642. Another section limits the time within which the employer shall furnish or cause to be furnished, free of charge to the injured employee such necessary medical attention as the nature of the accident may require. Section 1887 (26). Sections (23) and (26) relate to accidental injuries for which an employee is entitled to compensation. Injuries resulting in hernia are not excepted therefrom.

The precise question here raised was not raised or considered in *Maryland Cas. Co.* v. *Robinson, supra,* decided on January 19, 1928. In that case claimant was injured while moving a shelf of books. The injury occurred in the latter part of November, 1926; but notice of the accident was not given his employer until early in February, 1927. He did not discover that he was suffering from hernia for more than two months after the accident when a visible knot appeared and his surgeon diagnosed his trouble as hernia. Thereafter, he underwent an operation to repair the hernia.

Construing Code, 1924 (Michie), section 1887 (23), Acts 1918, page 642, which provides that a claimant must give a written notice of the accident to his employer "within thirty days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice, and the Commission is satisfied that the employer has not been prejudiced thereby," it was there held that compensation should not be denied merely because he failed to give that notice within the time prescribed when he was ignorant of the

precise nature and the extent of his injury. Code, 1942 (Michie), section 1887 (26), Acts 1920, page 257, then in force, provided that, "For a period not exceeding sixty days after an accident the employer shall furnish or cause to be furnished, free of charge to the injured employee, such necessary medical attention as the nature of the accident may require, * * * and in addition, such surgical and hospital service and supplies as may be deemed necessary by said attending physician or the Industrial Commission." Construing this section as it then read, it was held that the right of the claimant to surgical attention was not limited to sixty days after the accident and during the period when he was ignorant of the nature of his injury by virtue of the broad language of the section which provided for additional "surgical and hospital service and supplies as may be deemed necessary" by his attending physician or the Industrial Commission. On the date of that decision, section 26 contained no limitation of one hundred and eighty days after the termination of the original period of sixty days succeeding the accident. There was, therefore, no occasion for the court to consider the limitation now contained in section 26, as subsequently amended in 1930, Acts 1930, page 57.

At the 1930 session of the General Assembly, House Bill No. 98 was introduced proposing that the first paragraph of section 26 of the Acts of 1920, page 256, be amended to read as follows:

"Sec. 26. For a period not exceeding sixty days after an accident the employer shall furnish or cause to be furnished free of charge to the injured employee such necessary medical attention as the nature of the accident may require, and the employee shall accept, *and thereafter for such time as the Industrial Commission shall require,* and in addition, such surgical and hospital service and supplies as may be deemed necessary by said attending physicians or the Industrial Commission." (Italics supplied).

This bill passed the House of Delegates, but was amended in the Senate, and in its amended form became section 26

of the Workmen's Compensation Act, Code, 1942 (Michie), section 1887 (26), Acts 1930, page 57, hereinbefore recited.

It must be presumed that the General Assembly was familiar with the holding in the *Maryland Cas. Co. Case, supra.* It promptly amended section 26 in 1930. In the amendment there was added, in the form of a proviso, an over-all limitation as to the time within which the Commission might require an employer to furnish medical attention to an employee suffering from a compensable disability, hernia or other injury beyond a first period of sixty days after an accident. The language of the proviso is clear, specific and express. "In unusual and extraordinary cases" where, in the judgment of the Commission, "the facts require a reasonable extension of such medical attention beyond the said period of sixty days," the Commission, in its discretion, may "require the employer to furnish free of charge to the injured employee such medical attention for a reasonable time after the termination of the said sixty-day period, but not in excess of one hundred and eighty days." The limitation is all embracing. The duty of the employer to furnish medical attention, under the conditions specified, is limited to a period of two hundred and forty days after an accident causing a compensable disability.

The liberal construction which is to be given the Workmen's Compensation Act does not include a power of the courts to enlarge the limitations therein expressly set out.

For the foregoing reasons the award of the Industrial Commission is reversed and this proceeding dismissed.

*Reversed and dismissed.*