**Alexandria**

PATRICIA RUTH GARCIA

v.

MANTECH INTERNATIONAL CORP., et al.

No. 1492-85

Decided August 19, 1986

750

COUNSELCOUNSEL

Richard E. Trodden (J. Hunt Brasfield, Ashcraft & Gerel, on brief), for appellant.

Joseph C. Veith, III (Bromley, Brown, & Walsh, on brief), for appellee.

OPINIONOPINION

**KEENAN, J.** —Patricia Garcia was employed by Mantech International when, on February 25, 1982, she slipped and fell at a Holiday Inn in Charleston, South Carolina. At the time of the accident, she was attending a conference related to her duties with Mantech. In this appeal, Garcia contends that: (1) the Industrial Commission erred in ruling that her right to compensation was barred by her failure to file a timely claim identifying her employer; (2) the Industrial Commission confused and improperly merged the notice provision of Code § 65.1-85 with the filing requirement of Code § 65.1-87; and (3) Mantech should be estopped from relying on the statute of limitations. Finding no error in the Commission's decision, we affirm.

Upon her return to Virginia after the accident, Garcia sought medical treatment for her injuries. She was diagnosed as having

an abrasion and strain of the right knee. Although Garcia's supervisor, Maurice Horn, testified that he was unaware that Garcia had sought treatment, he was aware that she had been injured.

For a period of two to three months after the accident, Garcia did not experience any problems with her knee. However, she testified that in June or July of 1982, she began to have difficulty walking and getting up from her desk. With the knowledge of Mantech, Garcia arranged several doctors' appointments in August through October of 1982. This medical treatment culminated in an operation on her knee. After the operation in October 1982, Garcia continued her employment with Mantech until she was laid off due to lack of work in September of 1983.

During this time period, no award was sought from the Industrial Commission, nor did Garcia sign a proposed memorandum of agreement sent to her by Mantech in August of 1983. A letter from Mantech's insurance carrier dated September 26, 1983, indicates that Mantech voluntarily paid Garcia workers' compensation benefits for certain work absences from October 1982 through February 1983. The letter also enclosed a memorandum of agreement and several supplements thereto for her signature. Garcia was informed in the letter that "it is very important that you sign these forms and get them filed through us with the Industrial Commission to protect your rights to lifetime medical care and also to qualify you for a permanent partial disability rating on your knee."

On February 17, 1984, a purported claim was filed with the Industrial Commission in the form of a letter from Garcia's counsel. The letter was dated February 14, 1984, and misidentified the employer (Mantech) as "Holiday Inn/Charleston, S.C." On March 19, 1984, the Commission received a second letter from counsel which was also dated February 14, 1984. This letter was identical to the first one except that it correctly identified the employer.

On October 3, 1984, Garcia filed an application for hearing. A hearing was held on February 27, 1985, at which time Mantech contended that Garcia's claim was barred by the two year statute of limitations. Code § 65.1-87.

The deputy commissioner found that Garcia was entitled to temporary benefits from January 10, 1984, but that such benefits were barred by failure to assert a timely claim. Since her initial letter, which was filed within two years of the accident, failed to identify the correct employer, the deputy commissioner ruled that it was "of no legal significance." In denying a motion to reconsider, the deputy commissioner, after checking each medical record filed, found no basis for Garcia's argument that medical forms correctly identifying Mantech as the employer were filed with the February 17 letter.

The full Commission affirmed the deputy commissioner's opinion. The Commission initially found that timely notice of the accident had been given to Mantech under Code § 65.1-85. Mantech has not contested this finding on appeal. The Commission further found that the letter filed on February 17, 1984, failed to constitute a claim under Code § 65.1-87 because it did not reasonably and timely identify the person against whom, or the entity against which, the claim was made. Since the letter of March 19, 1984, correctly identifying Mantech as the employer, was not filed until the statute of limitations had run, the Commission ruled that Garcia's claim was barred. The Commission noted that under *Binswanger Glass Co.* v. *Wallace*, 214 Va. 70, 197 S.E.2d 191 (1973), the filing of an initial claim is jurisdictional.

On appeal, Garcia argues that by requiring an initial claim to identify the correct employer, the Commission has added a requirement not found in the Workers' Compensation Act. Code § 65.1-87 provides in part that: "The right to compensation under this Act shall be forever barred, unless a claim be filed with the Industrial Commission within two years after the accident." Garcia argues that this section requires nothing more than a notification from the employee to the Commission that a claim may exist. To require anything more, she contends, would violate the principle that the Act is to be liberally construed in favor of the worker.

Although the statute does not give a definition of "claim," we agree with the Commission that in order to have any legal effect a claim filed pursuant to Code § 65.1-87 must name the correct employer. This conclusion is aided by consideration of the function served by the notice requirement of § 65.1-87. As stated by the Supreme Court in *Binswanger*:

Such notice is often the first knowledge that an employer and his insurance carrier have of an accident and of their potential liability. It is this notice that sets in motion the machinery to determine whether or not an employee has in fact been injured, the nature of the injury, whether it arose out of and in the course of his employment, whether permanent or temporary, and whether compensable or not. This is the notice which activates the right of the employee to compensation and which invokes the jurisdiction of the Industrial Commission.

214 Va. at 73, 197 S.E.2d at 194.

The filing of a claim which does not name the correct employer does nothing to accomplish the purposes set out above. Since the Commission has no authority to award benefits against an employer having no employment relationship with a claimant, the filing of a claim naming the wrong employer cannot set in motion the machinery for determining the merits of the case. In addition, such a claim does not provide notice to the actual employer that the claimant is seeking an award from the Commission.

The Commission's holding in this case is further supported by its prior decisions as well as by decisions of the Supreme Court. In *Barton* v. *Harman Mining Corp.*, 55 O.I.C. 31 (1973), the Commission rejected the argument that a claim filed against the wrong employer tolled the statute of limitations. There, the claim had mistakenly been filed against Harman Mining Corp. when in fact the claimant was employed by Purple Leaf Coal Co. The Commission stated: "There is no suggestion that Harman Mining Corporation owned nor in any way controlled nor was in any way involved in the management or operation of Purple Leaf Coal Company." *Id.* at 32. Similarly, in the present case there is no suggestion that Holiday Inn owned or in any way controlled or was otherwise connected with Mantech.

In *Shawley* v. *Shea-Ball Construction Co.*, 216 Va. 442, 219 S.E.2d 849 (1975), the Supreme Court held that all injuries arising out of an accident must be specified in the original claim. The court stated: "Clearly it is the intent of Code § 65.1-87 that within one year from the date of an accident an employee must assert *against his employer* any claim that he might have for any injury growing out of the accident." 216 Va. at 446, 219 S.E.2d at

853 (emphasis added).[1] The holding in *Shawley* and the quoted language support the Commission's conclusion in the present case that a claim under Code § 65.1-87 must be directed against the correct employer. The court in *Shawley* was not adding a non-statutory requirement, as suggested by Garcia, but was construing the meaning of the statute by looking to its intent. The same is true here. By requiring an initial claim under Code § 65.1-87 to state the correct employer, the Commission was not adding a requirement, but was merely stating that which is implicit in the language of the statute.

We do not agree with Garcia that the Commission's interpretation of Code § 65.1-87 ignores the well known principle that the Act must be liberally construed in favor of the worker. The limitation provided in Code § 65.1-87 is part of the substantive right of recovery. *Barksdale* v. *H. O. Engen, Inc.*, 218 Va. 496, 499, 237 S.E.2d 794, 796-97 (1977). As the prior cases of the Supreme Court make clear, statutory construction may not be used to extend the rights created by the Act beyond the limitations and purposes set out therein. *See Baggett Transportation Co.* v. *Dillon*, 219 Va. 633, 637, 248 S.E.2d 819, 822 (1978); *Commonwealth* v. *Granger*, 188 Va. 502, 510, 50 S.E.2d 390, 394 (1948); *Mann* v. *City of Lynchburg*, 129 Va. 453, 459, 106 S.E. 371, 373 (1921). Here, the Commission's interpretation was consistent with the purposes of Code § 65.1-87 and was, therefore, not improperly restrictive.

Garcia's second argument on appeal is that the Commission and the Supreme Court have confused and improperly merged the notice provision of Code § 65.1-85[2] with the filing requirement of Code § 65.1-87. She argues, in effect, that where the employer has been notified of an accident under Code § 65.1-85, no timely claim need be filed with the Commission in order to preserve the

---

[1] In 1975, Code § 65.1-87 was amended to extend the applicable limitation period to two years.

[2] This section provides in part: "Every injured employee or his representative shall immediately on the occurrence of an accident or as soon thereafter as practicable give or cause to be given to the employer a written notice of the accident, and the employee shall not be entitled to physician's fees nor to any compensation which may have accrued under the terms of this Act prior to the giving of such notice, unless it can be shown that the employer, his agent or representative, had knowledge of the accident or that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity or the fraud or deceit of some third person."

employee's right to compensation. We find no merit in this argument because it is in direct contravention of both the plain meaning of Code § 65.1-87 and the Supreme Court's interpretation of that statute.

■ In *Binswanger*, the Supreme Court stated: "It is well settled that a claimant under the workmen's compensation law must show that his original claim was timely filed, for such filing within the statutory period is jurisdictional." 214 Va. at 73, 197 S.E.2d at 193. Further, the jurisdictional nature of a filing under Code § 65.1-87 is not affected by any notice that may previously have been given to the employer. *Leonard* v. *Arnold*, 218 Va. 210, 215, 237 S.E.2d 97, 100 (1977). Thus, while Code § 65.1-85 requires that the employer be promptly notified of an accident, it is the filing of a claim under Code § 65.1-87 that invokes the jurisdiction of the Industrial Commission to award compensation.

Finally, Garcia argues that Mantech should be estopped from reliance on the statute of limitations. In support of this argument, she contends that Mantech voluntarily paid compensation and medical expenses to her; that Mantech failed to file a timely report of the accident with the Commission as required by Code § 65.1-124; and that Mantech was dilatory in attempting to reach a memorandum of agreement with her regarding compensation. Based on our review of the record, we agree with the Commission that Garcia has failed to demonstrate any basis for estopping Mantech's reliance on the statute of limitations.

■ Where it is alleged that an employer should be estopped from reliance on the statute of limitations, the Supreme Court has looked to whether there is "evidence of fraud or concealment by the employer or its carrier or that they committed any act which was reasonably calculated to induce or did in fact induce [the employee] to refrain from timely filing his claim with the Industrial Commission." *Clark* v. *United Airlines*, 223 Va. 197, 200, 288 S.E.2d 441, 442 (1982). Finding no such evidence in *Clark*, the court refused to apply the doctrine of estoppel despite the employer's voluntary payment of both medical expenses and the claimant's full salary during his incapacity. *Id; see also Stuart Circle Hospital* v. *Alderson*, 223 Va. 205, 208, 288 S.E.2d 445, 446-47 (1982); *Harrison* v. *K-Mart Apparel Corp.*, 63 O.I.C. 174,

177-78 (1984).[3]

The present record fails to show any evidence that Mantech or its carrier fraudulently concealed any fact or otherwise induced Garcia to refrain from filing a timely claim. On the contrary, the letter to her from Mantech's carrier which enclosed a memorandum of agreement, specifically reminded her of the need to "sign these forms and get them filed through us with the Industrial Commission to protect your rights to lifetime medical care and also to qualify you for a permanent partial disability rating on your knee." While this letter did not contain a full explanation of Garcia's rights, it does demonstrate that Mantech and its carrier were not engaged in an attempt to persuade her into believing that she did not need to file a claim with the Commission.

In summary, we find that Garcia failed to file a timely claim within the meaning of Code § 65.1-87, and that her employer, Mantech, is not estopped from reliance on the statute of limitations. Accordingly, the decision of the Industrial Commission denying benefits is affirmed.

*Affirmed.*

Benton, J., and Moon, J., concurred.

---

[3] The General Assembly has since provided that under certain circumstances the statute of limitations is tolled where the employer has knowledge of an accident and pays compensation despite the absence of an award by the Industrial Commission. Code § 65.1-87.1. This statute did not become effective until after Garcia's right to file a claim had expired. We do not, therefore, consider its application here.