COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Fitzpatrick and Overton
Argued at Salem, Virginia


WOODTECH, INC. AND
 TRAVELERS INSURANCE COMPANY

                                     MEMORANDUM OPINION[*] BY
v.        Record No. 2129-95-3       JUDGE NELSON T. OVERTON
                                          MAY 14, 1996
JEFFREY DOUGLAS COLLINS

             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             Jim H. Guynn, Jr. (Guynn & Britt, P.C., on
             brief), for appellants.

             Susan E. F. Henderson for appellee.



     Woodtech, Inc. and the Travelers Insurance Company

(collectively "Woodtech") appeal from an award of benefits by the

Workers' Compensation Commission to the claimant, Jeffrey Douglas

Collins.  Woodtech contends that no accident occurred on the date

in Collins' original claim for benefits and that therefore

benefits should not have been awarded.  Furthermore, Woodtech

argues, the application was not amended within two years of the

actual accident, barring the claim under the statute of

limitations in Code § 65.2-601.  Because we agree with Woodtech

on both counts, we reverse the commission's decision and dismiss

the cause.

     Collins initially filed a claim on April 18, 1994, for an

accident arising out of and in the course of his employment on

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

March 18, 1993.  A hearing was scheduled for July 20, 1994, at which time Collins was granted a nonsuit.  Collins reopened the claim by filing a second application for hearing on February 3, 1995.

At the hearing on March 30, 1995, Collins testified that he was injured on March 18, 1993, as stated in his application.  His testimony established, however, that his injury actually was caused by an incident on March 10, 1993.  On this testimony the deputy commissioner found that no compensable accident occurred on March 18, 1993, and denied benefits.  Collins was also time-barred under Code § 65.2-601 from filing a claim based on the March 10 accident, two years having passed from that date.

The full commission reversed the deputy commissioner.  While the commission agreed that no compensable accident occurred on March 18, the commission nevertheless allowed the claim to proceed on the basis that the claimant's error in specific date was insignificant.

"The right to compensation under [the Workers' Compensation Act] shall be forever barred, unless a claim be filed with the Commission within two years after the accident."  Code § 65.2-601.  This filing requirement is jurisdictional, serving more than a merely notice function.  "The jurisdictional nature of a filing under Code § 65.1-87 [now § 65.2-601] is not affected by any notice that may previously have been given to the employer."  Garcia v. Mantech Int'l Corp., 2 Va. App. 749, 755,

347 S.E.2d 548, 551 (1986); see Leonard v. Arnold, 218 Va. 210, 215, 237 S.E.2d 97, 100 (1977). Claims have been barred under this section when the wrong employer was named, Garcia, 2 Va. App. at 749, 347 S.E.2d at 548, and when an additional injury from the same accident was not stated in the application. Shawley v. Shea-Ball Constr. Co., 216 Va. 442, 219 S.E.2d 849 (1975).

The commission found that no compensable injury occurred on March 18, 1993, the date in the application, and the record supports this finding. Due to claimant's nonsuit and delay in refiling, two years passed between the time of the accident and the attempt to amend the application to conform to the correct date. The statute clearly bars such an amendment at that time, and the commission erred in disregarding this provision. The decision of the commission is reversed.

Reversed and dismissed.