COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Willis and Annunziata
Argued at Richmond, Virginia


LOIS KAY GRAY

v.  Record No. 0982-97-2

GRAVES MOUNTAIN LODGE, INC.
 AND AMERICAN EMPLOYER'S
 INSURANCE COMPANY/COMMERCIAL
 UNION INSURANCE COMPANY

OPINION BY
JUDGE JAMES W. BENTON, JR.
JANUARY 20, 1998

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

C. Waverly Parker for appellant.

Daniel E. Lynch (Vasiliki Moudilos;
Williams & Lynch, on brief), for appellees.


In this case, we hold that a chiropractor is not a "physician" for purposes of designation to a panel of physicians pursuant to Code § 65.2-603(A)(1) of the Workers' Compensation Act. For this reason, we reverse the commission's ruling.

I.

Lois K. Gray suffered injuries to her neck, back and hip when she fell on concrete steps while employed by Graves Mountain Lodge, Inc. When Gray's claim for benefits was pending before the commission, the commission ordered the employer to "provide to [Gray] a panel of three or more physicians who have reviewed the medical records in this case, who are qualified to treat [Gray's] injuries, including the anatomical parts involved, and who are willing to examine [Gray] with the expectation of rendering continuing medical treatment to [Gray] as her

authorized treating physician."  After Gray filed an application for enforcement of the commission's order, the employer proffered a panel, consisting of two medical doctors and one chiropractor.  Asserting that a chiropractor is not a physician within the meaning of Code § 65.2-603(A), Gray requested that her application for enforcement of the order be put on the hearing docket.  The parties agreed that this issue was a question of law and requested the commission to decide the issue without an evidentiary hearing.

After both parties submitted written statements outlining their respective positions, the deputy commissioner ruled that "[d]ue to the longstanding policy approving chiropractors as treating physicians, we find that chiropractors are appropriate health care providers to be included on a panel of physicians pursuant to Code § 65.2-603(A), and that a chiropractor is a 'physician' as contemplated by that section."  On review, the commission upheld that ruling and stated the following:

> [T]he Commission has consistently held that a chiropractor is a proper attending physician when appropriately selected by a claimant.  Additionally, the Commission has approved a chiropractor as the attending physician when selected from a panel provided by the employer.
>
> The Commission is, of course, well aware that chiropractors are not licensed medical doctors and that chiropractors are not qualified to treat all injuries. Nevertheless, the Commission finds that chiropractors are health care providers appropriately included on a panel of physicians pursuant to Va. Code Ann. § 65.2-603(A).  The claimant is not required to chose [sic] the chiropractor, but his

> inclusion on the panel does not render the
> panel improper.

(Citations omitted).  Gray appeals from that ruling.

## II.

The Act requires employers to furnish to injured employees a panel of physicians.  In pertinent part, Code § 65.2-603(A)(1) provides as follows:

> As long as necessary after an accident, the employer shall furnish or cause to be furnished, free of charge to the injured employee, a <u>physician</u> chosen by the injured employee from a panel of at least three <u>physicians</u> selected by the employer and such other necessary medical attention.

(Emphasis added).  Code § 65.2-603(D) contains the following explanation:

> As used in this section and in § 65.2-604, the terms "medical attention," "medical service," "medical care," and "medical report" shall be deemed to include chiropractic service or treatment and, where appropriate, a chiropractic treatment report.[1]

---

[1] In pertinent part, Code § 65.2-604 reads as follows:

> A.  Any physician attending an injured employee shall, upon request of the injured employee, employer, or insurer, furnish a copy of any medical report to the injured employee, employer, or insurer or to each of them upon request for such medical report.
> B.  Whenever any health care provider attending an injured employee refers the employee or transfers responsibility for his care to another health care provider, the referring or transferring provider, upon receipt of a request therefor, shall promptly transfer or cause to be transferred to the new or succeeding provider, or to the employee or someone acting on behalf of the employee, copies of all diagnostic test

Gray argues that subsections (A) and (D) of Code § 65.2-603, read together, manifestly declare that a chiropractor is not a physician under the Act.  In contrast, the employer argues that by including chiropractic service within the ambit of "medical attention" in Code §§ 65.2-603 and 65.2-604, the legislature has recognized chiropractors as physicians and that the commission correctly ruled that chiropractors are "health care providers" appropriately included on a panel of physicians.

The commission's construction of the act is entitled to great weight on appeal.  See Bohle ex rel. Majette v. Henrico County Sch. Bd., 246 Va. 30, 35, 431 S.E.2d 36, 39 (1993).  However, the principle is well established that "'[a]n erroneous construction by those charged with its administration cannot be permitted to override the clear mandates of a statute.'"  Hurt v. Caldwell, 222 Va. 91, 97, 279 S.E.2d 138, 142 (1981) (quoting City of Richmond v. County of Henrico, 185 Va. 176, 189, 37 S.E.2d 873, 879 (1946)).  "When an agency's statutory interpretation conflicts with the language of the statute . . . , the usual deference accorded to an agency's interpretation should be withheld."  Commonwealth Dep't of Mines, Minerals & Energy v. May Bros., Inc., 11 Va. App. 115, 119, 396 S.E.2d 695, 697 (1990); see also Cox v. Oakwood Mining, Inc., 16 Va. App. 965,

results, x-ray photographs, and other medical records pertaining to the employee's injury for which further treatment is to be sought from the succeeding provider.

- 4 -

969, 434 S.E.2d 904, 907 (1993).

Code § 65.2-603(A)(1) provides that an employer must furnish to the injured employee "a physician chosen by the injured employee from a panel of at least three physicians . . . and such other necessary medical attention." (Emphasis added). That same obligation existed in 1982 under Code § 65.1-88, the predecessor to Code § 65.2-603. However, in 1982, the General Assembly modified Code § 65.1-88 to add language that further defined "medical attention." The legislature specifically changed the statute to state that "the terms 'medical attention,' 'medical service,' 'medical care,' and 'medical report' shall be deemed to include chiropractic service or treatment." Acts of Assembly 1982, ch. 585.[2]

This legislative action clearly establishes that the General Assembly intended to include "chiropractic service or treatment" within the ambit of the broad range of "other necessary medical attention." Nothing in these amendments, however, permits an inference that the General Assembly intended that a chiropractor may be included on a panel of three physicians. Indeed, because the statute was not modified to include the term "chiropractor" within the definition of "physician," the inference is clear that

_____

[2]When the Act was revised and recodified in 1991, these changes were retained and now appear in Code § 65.2-603(D). The terms that the legislature amended the Act to define are found in Code § 65.2-603(A)(1) ("medical attention"); Code § 65.2-603(B) ("medical service"); Code § 65.2-603(C) ("medical care"); and Code § 65.2-604(A) ("medical report").

the legislature did not intend that result. "[W]hen analyzing a statute, we must assume that 'the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute.'" City of Virginia Beach v. ESG Enterprises, Inc., 243 Va. 149, 153, 413 S.E.2d 642, 644 (1992) (citation omitted). "We may not add to a statute language which the legislature has chosen not to include." County of Amherst Bd. of Supervisors v. Brockman, 224 Va. 391, 397, 297 S.E.2d 805, 808 (1982).

If the legislature had intended the term "physician" to include chiropractors, it could have specifically included language in the 1982 amendment to state that a chiropractor shall be deemed a "physician" within the subsection.[3] We cannot read

---

[3]The Workers' Compensation Act and its amendments constitute one act, Commonwealth v. Granger, 188 Va. 502, 507, 50 S.E.2d 390, 393 (1948), and the purpose of that act as a whole should govern its construction. Griffith v. Raven Red Ash Coal Co., 179 Va. 790, 796, 20 S.E.2d 530, 533 (1942). However, because "'[t]he Code of Virginia constitutes a single body of law, and other sections can be looked to where the same phraseology is employed,'" Hart v. Commonwealth, 18 Va. App. 77, 79, 441 S.E.2d 706, 707 (1994) (citation omitted), we may look to other sections of the Code for guidance.

The term "physician," as used in various sections of the Code, does not always include "chiropractor." In at least one section of the Code, the General Assembly has specifically stated the term "physician" shall include chiropractor. See Code § 8.01-66.12. In several other parts of the Code, the legislature has distinguished between the "practice of medicine or osteopathic medicine" and "medical physician" or "osteopathic physician" on the one hand, and "the practice of chiropractic" or "chiropractor" on the other. See Code §§ 8.01-581.1; 32.1-249(8); 54.1-2900, -2902, -2911. See also Code §§ 54.1-2930, -2932. In yet other parts of the Code, chiropractors are separately listed with physicians for various purposes. See Code §§ 8.01-225.1 (immunity for team physicians extends to "[a]ny physician, surgeon or chiropractor");

- 6 -

such language into the statute when the legislature did not include it. See Brockman, 224 Va. at 397, 297 S.E.2d at 808. In reading Code §§ 65.2-603(A)(1) and 65.2-603(D) together, we believe it is clear from the language of the statute that the legislature did not intend the term "physician," as that term is used in Code § 65.2-603, to include chiropractors.

## III.

Furthermore, to interpret the term "physician" in Code § 65.2-603 to include chiropractors would render the language of Code § 65.2-603(D) superfluous and meaningless. Under well-established principles of statutory interpretation, where possible, every word of a statute must be given meaning. See Monument Assocs. v. Arlington County Bd., 242 Va. 145, 149, 408 S.E.2d 889, 891 (1991). If chiropractors were "physicians" within the meaning of Code § 65.2-603(A), the language in Code § 65.2-603(D) would indeed be superfluous and meaningless because the definition of "physician" would necessarily signify that the

8.01-581.1 ("'health care provider' means . . . a physician, . . . chiropractor"); 8.01-581.13 ("'health professional' means . . . a physician . . . , chiropractor, . . . "); 8.01-581.19 ("[a]ny physician, chiropractor . . . shall be immune"); 38.2-2203 ("[p]olicy providing for reimbursement for services that may be performed by certain practitioners other than physicians" includes chiropractors); 38.2-3408 ("[p]olicy providing for reimbursement for services that may be performed by certain practitioners other than physicians" includes chiropractors); 38.2-4221 ("[s]ervices of certain practitioners other than physicians to be covered" includes chiropractors); 54.1-2911 ("Board of Medicine shall consist of one medical physician . . . , one osteopathic physician, one podiatrist, one chiropractor, . . . ").

- 7 -

attention, services, care and report rendered by a physician, i.e., a chiropractor, would be medical. Code § 65.2-603(D) clearly establishes, not that chiropractors are physicians within the meaning of subsection (A), but that chiropractic treatment and service are "deemed" to be "medical attention" even though chiropractors are not "physicians" under Code § 65.2-603.[4]

We further note that the commission found "that chiropractors are health care providers appropriately included on a panel of physicians pursuant to . . . Code § 65.2-603(A)." However, we find no basis to conclude that health care providers are, by definition, "physicians." We also find no basis to conclude that the legislature intended that the panel required by Code § 65.2-603(A) could consist of three health care providers, including chiropractors, none of whom were physicians. Such a result necessarily flows from the commission's findings.

Because we cannot add language to a statute that the legislature did not include, and we cannot say that the

_____

[4]This holding does not change the commission's long standing precedent that where an employer fails to provide a panel of physicians, the employee has the right to seek on his or her own medical attention, including chiropractic treatment. See, e.g., Goodyear Tire & Rubber Co. v. Pierce, 9 Va. App. 120, 128, 384 S.E.2d 333, 338 (1989) (holding that when the employer did not offer a panel of physicians, the employee could seek suitable medical attention from a chiropractor). That precedent is consistent with the requirement of Code § 65.2-603(A)(1) that the employer of an injured employee must provide "such other necessary medical attention."

Likewise, when a physician refers an employee to a chiropractor for treatment, that service is clearly within the definition of "medical attention" as provided by Code § 65.2-603(A)(1).

legislature intended the term "physician" as used in Code

§ 65.2-603(A) to include "chiropractor," we reverse the finding

of the commission and remand the case for further proceedings consistent with this opinion.

<u>Reversed and remanded</u>.
