COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Clements
Argued at Salem, Virginia


HARDEE'S OF CLINTWOOD AND
 BODDIE NOELL ENTERPRISES, INC.
                                    MEMORANDUM OPINION* BY
v.    Record No. 1753-02-3        JUDGE RUDOLPH BUMGARDNER, III
                                       FEBRUARY 11, 2003
ESTHER JEAN ROBINSON


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Monica Taylor Monday (Dale W. Webb; Gentry
          Locke Rakes & Moore, on briefs), for
          appellants.

          (Paul L. Phipps; Lee & Phipps, P.C., on
          brief), for appellee.  Appellee submitting on
          brief.


     Hardee's of Clintwood contends the commission erred in

awarding benefits for an injury not included in the original

award and barred by the statute of limitations, Code § 65.2-601.[1]

It also argues the commission erred in finding a causal

connection between the injury and the accident.  We conclude the

claim is barred and reverse the commission's decision.

     On July 11, 1999, the worker slipped and fell on steps

while at work.  The employer accepted the claim as compensable,

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] "The right to compensation . . . shall be forever barred,
unless a claim be filed with the Commission within two years
after the accident."  Code § 65.2-601.

and the parties signed a memorandum of agreement that listed the injury as "fractured coccyx." The commission entered an award, and the worker received benefits through August 1, 1999. The worker did not amend the memorandum of agreement.

On June 29 and July 23, 2001, the worker filed claims for lost wages. She received injections to her left hip and was unable to work. The claim forms stated the date of injury and the dates for which benefits are sought, but did not state the nature of the injury. Further, medical records were submitted after the statute of limitations expired.[2]

The deputy commissioner denied the claim because "the disability claimed results from injury to a different part of claimant's anatomy separate and apart from the coccyx." The statute of limitations barred the claim because more than two years had passed since the accident.[3] The full commission reversed with one commissioner dissenting. It ruled: "We find that it is inappropriate to require or expect an employee to petition to amend a Memorandum of Agreement prepared by her employer to expand coccyx to include sacrum, pyriformis, or

---

[2] The 2000-2001 medical records were filed with the commission on July 23, 2001, August 3, 2001, August 27, 2001, and September 13, 2001.

[3] In the alternative, the deputy concluded that the worker failed to prove that the injury to her piriformis or sciatic nerve was causally related to the July 11, 1999 accident.

posterior hip. Such an interpretation of the Act is too restrictive."

We view the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the worker. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). We uphold the commission's factual findings supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). However, we are not bound by its conclusions of law. Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 324, 416 S.E.2d 708, 711 (1992).

After her fall on July 11, 1999, the worker reported to the emergency room with bruising and tenderness of her coccygeal area. X-rays showed she fractured her coccyx. Two days later Dr. Alderman diagnosed her with mild lumbar muscle strain on the right side and referred her to Dr. Kotay, an orthopedic surgeon.

Dr. Kotay did not examine the worker until September 7, 2000. At that time, she complained of intermittent back pain with pain that occasionally radiated down the left upper thigh. Dr. Kotay suspected mild degenerative disc disease, but an MRI was normal. On October 17, 2000, the worker reported increased back pain and left leg pain that occasionally radiated to the knee and foot. Dr. Kotay noted the symptoms had been present over a year and had progressively gotten worse. On November 7, 2000, he added, "Clinically [the worker's] back pain is

- 3 -

radiating to the left upper thigh. . . . There is obviosu [sic] evidence of SI joint involvement."

On March 8, 2001, the worker reported her "left leg feels like its trying to give out and feels like it shakes." Dr. Kotay suspected the worker might be suffering from piriformis syndrome. The worker reported pain in her upper thigh and, on March 15, 2001, she reported pain and aching in her hips. Dr. Kotay recommended injections to the piriformis area, which were administered in June and July 2001.

An "employee must assert against his employer any claim that he may have for any injury growing out of the accident." Shawley v. Shea-Ball Constr. Co., 216 Va. 442, 446, 219 S.E.2d 849, 853 (1975). The requirement is jurisdictional, and failure to file a claim within the two years of the accident bars the claim. Barksdale v. H.O. Engen, Inc., 218 Va. 496, 497, 237 S.E.2d 794, 795 (1977). The purpose of Code § 65.2-601 is to provide the parties with notice of the potential issues in the case. Proper notice enables the employer to determine whether the employee "has in fact been injured, the nature of the injury, whether it arose out of and in the course of his employment, whether permanent or temporary, and whether compensable or not." Shawley, 216 Va. at 446, 219 S.E.2d at 852.

In Shawley, the parties signed a memorandum of agreement and the commission entered an award for injury to the right hip

- 4 -

and left ankle.  The worker first reported and sought benefits for back and right ankle pain after the statute of limitations expired.  The Supreme Court held that the claims for injuries to body parts not identified on the memorandum of agreement were time barred.  In Johnson v. Paul Johnson Plastering, 37 Va. App. 716, 561 S.E.2d 40 (2002), notice of a head injury did not constitute notice of a brain injury.  "Nothing in the record provided notice that injury to the brain was a possible claim in this case."  Id. at 726, 561 S.E.2d at 45.

In this case, the deputy commissioner determined that the injury to the piriformis, sacrum, or posterior hip was to a separate and distinct body part from the compensable injury to the fractured coccyx.  The commission did not amend the finding that the coccyx was a separate and distinct body part.  It reversed by holding that to require the worker to distinguish between those body parts was "too restrictive" an interpretation of the Act.  The holding relieved the claimant from the necessity of specifying all injuries in the original claim or within two years.  That was the argument rejected in Shawley. While the Workers' Compensation Act is to be liberally construed in favor of the worker, "statutory construction may not be used to extend the rights created by the Act beyond the limitations and purposes set out therein."  Garcia v. Mantech Int'l Corp., 2 Va. App. 749, 754, 347 S.E.2d 548, 551 (1986) (notice must be provided to proper employer).

While the worker maintains in her brief that the coccyx and sacrum are the same body part, she testified that the coccyx and hip were not the same. The employer had no notice of the hip, piriformis, or sacrum injury. Cf. Boxley v. Onorato, 218 Va. 931, 243 S.E.2d 201 (1978) (commission awarded benefits for claim for new injury filed after statute of limitations because medical records provided employer with timely notice). The memorandum of agreement only listed a fractured coccyx, and the employer only accepted that injury as compensable. The worker failed to notify the employer of all injuries sustained in her accident. Since the worker is seeking benefits for injuries not included in the memorandum of agreement or the original award, the two-year statute of limitations bars the claim.

Concluding the commission adopted an incorrect standard, we do not address the other issues raised by the employer. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.