COURT OF APPEALS OF VIRGINIA

Present:  Judges Clements, Haley and Senior Judge Bumgardner
Argued at Alexandria, Virginia

MICHAEL PERON

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1914-07-4           JUDGE RUDOLPH BUMGARDNER, III
                                                    FEBRUARY 5, 2008
ROANOKE EXPRESS AND
    VILLANOVA INSURANCE COMPANY/
    VIRGINIA PROPERTY & CASUALTY
    INSURANCE GUARANTY ASSOCIATION

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            W. David Falcon, Jr. (Chasen Boscolo, on brief), for appellant.

            Jesse F. Narron (Steven H. Theisen; PennStuart, on brief), for
            appellees.


        Michael Peron appeals the decision by the Workers' Compensation Commission that his

claim was barred by the two-year statute of limitations, Code § 65.2-601.  Finding no error, we

affirm.

                Whether a claim is barred by the statute of limitations is a
        question of law.  This Court "review[s] questions of law *de novo*,"
        and this Court is not "bound by the legal determinations made by
        the commission." . . .  Timely filing of an original claim is
        mandatory, and a claimant bears the burden of proving his claim is
        timely filed.

Tuck v. Goodyear Tire & Rubber Co., 47 Va. App. 276, 284, 623 S.E.2d 433, 437 (2005)

(citations omitted).

        On May 17, 2002, the claimant filed his original claim alleging an injury on January 22,

2002, while playing hockey for the employer.  On January 22, 2004, he filed a "protective claim"

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

by letter alleging an alternative accident date of January 25, 2002. In that letter, the claimant stated, "Although we still believe [January 22, 2002] to be the accurate date, the employer's Post Season Report of Injuries indicates that the accident may have occurred on January 25, 2002. Please accept this as the claimant's request that the date be amended for protective purposes only." On September 5, 2006, claimant's counsel by letter, received by the commission via facsimile on September 6, 2006, amended the application and for the first time alleged that the accident occurred February 22, 2002.

The deputy commissioner allowed the claimant to amend his claim. The commission reversed finding the amendment alleged a new accident date of February 22, 2002. It ruled that the amended claim was barred by the statute of limitations because it was made after the two-year statute of limitations had run.

The facts are not disputed. At the hearing before the deputy commissioner, the claimant testified that he injured his left knee while playing hockey for the employer on February 22, 2002. He admitted that he stated he did not believe the accident occurred on February 22, 2002 in his deposition taken August 9, 2006. He explained that two to three days after his deposition he checked the hockey schedule for the 2001-2002 season on the Internet and concluded the accident had to have occurred on February 22, 2002.

The claimant testified that he saw a team physician the night of his knee injury, but received no treatment. The following night he saw a doctor in Toledo for a second opinion but again received no treatment. On February 25, 2002, he received medical treatment from Dr. Brent Johnson, the team physician. Dr. Johnson noted that the claimant was injured in a game on February 22, 2002. The claimant continued treatment with Dr. Johnson for his knee injury until May 2002. On July 21, 2003, Dr. Michael A. Franchetti, an orthopedist, examined the claimant upon referral from his counsel for an impairment rating. Dr. Franchetti noted that

the claimant stated he injured his knee on January 25, 2002, while playing hockey. On August 9, 2006, Dr. Steven S. Hughes examined claimant at employer's request. In rendering his causation opinion, Dr. Hughes referenced an accident date of January 25, 2002. In a supplemental letter September 6, 2006, Dr. Franchetti noted that the claimant's medical records showed that his left knee injury occurred on February 22, 2002, not January 25, 2002.

"The right to compensation under [the Workers' Compensation Act] shall be forever barred, unless a claim be filed with the Commission within two years after the accident." Code § 65.2-601. This filing requirement is jurisdictional, serving more than a merely notice function. "[T]he jurisdictional nature of a filing under Code § 65.1-87 [now § 65.2-601] is not affected by any notice that may previously have been given to the employer." Garcia v. Mantech Int'l Corp., 2 Va. App. 749, 755, 347 S.E.2d 548, 551 (1986); see Leonard v. Arnold, 218 Va. 210, 215, 237 S.E.2d 97, 100 (1977). Claims have been barred under this section when the wrong employer was named, Garcia, 2 Va. App. at 749, 347 S.E.2d at 548, and when an additional injury from the same accident was not stated in the application, Shawley v. Shea-Ball Constr. Co., 216 Va. 442, 219 S.E.2d 849 (1975).

During the course of this claim, prior to September 5, 2006, all commission notices, correspondence, and orders sent to the claimant or his counsel listed the accident date of January 22, 2002. In the claimant's counsel's correspondence with the commission prior to September 5, 2006, he referenced an accident date of January 22, 2002. It was undisputed that no compensable injury occurred on January 22, 2002 or January 25, 2002, the dates identified by the claimant in his first two claims.

More than two years passed between the time of the February 22, 2002 accident and the claimant's attempt to amend his claim to conform to the correct date. The claimant clearly could have ascertained the correct accident date well before the expiration of the statute of limitations.

He knew the game in which he injured his knee and after his deposition was able to determine the date from information on the Internet. Until September 6, 2006, well after the statute of limitations expired on February 22, 2004, he failed to identify February 22, 2002 as the date of the accident.

The claimant argues the amended claim should not be barred because the employer had notice of the February 22, 2002 accident date through Dr. Johnson's medical records. However, the other medical records to which both the employer and the claimant had access listed January 25, 2002 as the accident date, and until September 6, 2006, the claimant consistently represented to the commission and the employer that the accident occurred on January 22 or 25, 2002. As late as the claimant's August 2006 deposition, he maintained that he did not believe the accident occurred on February 22, 2002.

We conclude the two-year statute of limitations of Code § 65.2-601 bars the claimant's amended claim. Accordingly, we affirm.

<u>Affirmed.</u>