LAURA J. BRADLEY

v.

THE SOUTHLAND CORPORATION, et al.

No. 0080-86-3

Decided February 3, 1987

Counsel

Arelia S. Langhorne, for appellant.

Bevin R. Alexander, Jr. (Edmunds and Williams, on brief), for appellees.

Opinion

**BARROW, J.** —In this appeal from the Industrial Commission we hold that an employee, who asserts an employment related injury, is not required to seek medical care from an employer's panel of physicians unless the employer authorizes the employee to do so at the employer's expense. We reverse the Commission's decision denying disability benefits.

Laura J. Bradley, the employee, injured her back on December 10, 1984, while lifting boxes during her employment as a manager of a convenience store operated by Southland Corporation. She received medical attention from a physician she selected from a panel offered by Southland, but she did not miss any time from work. On April 15, 1985, she exacerbated her back injury while lifting boxes again. She reported the accident to her supervisor, but he did not direct her to seek medical care from Southland's panel of physicians or otherwise authorize her to obtain medical care at Southland's expense. She sought treatment from an orthopedic specialist who was not on Southland's panel of physicians. Southland denied liability for the injury.

The Commission denied Bradley disability benefits because she did not obtain medical care from a panel physician. It reasoned that, because Bradley was a store manager, she "was aware that the panel was posted on the bulletin board in her store," and that, since, at a recent store manager's meeting, her supervisor had discussed the procedure they were to follow when an employee is injured, she should have known of the "necessity that a panel physician be seen for industrial injuries."

■ The Commission's analysis overlooks Southland's failure to authorize Bradley to obtain medical care at Southland's expense. Without this authority the medical care would have been at Bradley's expense. An employee is required to accept only medical care which "the employer . . . furnish[es]. . . free of charge . . . ."

Code § 65.1-88.

Southland's denial of liability for the injury demonstrates why its authorization for medical care was needed. In addition to refusing to pay Bradley compensation because she did not seek medical care from a panel physician, Southland also denied liability because, it contended, the injury did not arise out of the course of her employment. The Commission did not address this latter contention but it may have impacted Bradley's choice of medical care.

■ Southland was not required to furnish Bradley medical service at its own expense if she were not injured in the course of her employment, *see McGregor v. Crystal Food Corp.*, 1 Va. App. 507, 509, 339 S.E.2d 917, 919 (1986); nor was it required to offer her a panel of physicians as required by Code § 65.1-88 when it denied her claim. *See Chesapeake Masonry Corp. v. Wiggington*, 229 Va. 227, 231, 327 S.E.2d 121, 123 (1985). Southland's denial of liability under the Workers' Compensation Act was equivalent to a refusal to provide Bradley with medical service.

Southland never repudiated this refusal to provide medical care. There was no evidence that the list of physicians posted on the store's bulletin board, the manager's manual, nor any statements made at the manager's meeting authorized Bradley to seek medical care at Southland's expense for an injury for which it had not acknowledged liability under the Workers' Compensation Act.[1]

In the face of Southland's denial of liability, Bradley had no authority to obtain medical care at Southland's expense. Without authorization the expense of medical care may not be compensable. *Cf. Breckenridge v. Marvel Poultry Co.*, 228 Va. 191, 196, 319 S.E.2d 769, 772 (1984).

■ Therefore, Southland could not refuse to provide Bradley with medical service and also insist that she seek medical care only from physicians it selects. That policy would require an employee to seek treatment from a physician chosen by the employer but would not require the employer to pay the physician's charges.

---

[1] The issue of whether an employee shall be denied disability benefits when an employer denies liability but offers the employee a panel of physicians at the employer's expense is not raised in this proceeding; therefore, we do not address it.

The Supreme Court of Tennessee reached the same conclusion in *CNA Insurance Co. v. Transou*, 614 S.W.2d 335, 338 (Tenn. 1981). In responding to the argument of an employer who denied liability and contended that an employee should have chosen a physician from a list of physicians posted on a bulletin board at his place of business, it said: "An employer who denies all liability for an accident . . . is in no position to insist upon the statutory provisions respecting the choosing of physicians." *Id.* at 337-38.

If an employer fails to furnish a physician, an employee may choose his own. Code § 65.1-88. Therefore, the Commission erred in determining that Bradley's claim for disability benefits was barred because she failed to select a physician from Southland's panel. For these reasons we reverse its decision and remand this matter for further proceedings.

*Reversed and remanded.*

Koontz, C.J., and Coleman, J., concurred.