**Alexandria**

TRAMMEL CROW COMPANY, INC.

and

VIGILANT INSURANCE COMPANY

v.

MICHAEL J. REDMOND

No. 1305-90-4

Decided June 4, 1991

Counsel

Benjamin J. Trichilo (Lewis, Trichilo & Bancroft, P.C., on briefs), for appellants.

Susan A. Sinrod (Kelly & Kelly, on brief), for appellee.

Opinion

**WILLIS, J.**—On appeal from a judgment of the Industrial Commission awarding the appellee, Michael J. Redmond, temporary total disability benefits from October 24, 1988 through April 9, 1989, and temporary partial disability benefits commencing April 10, 1989 and continuing, the appellant, Trammel Crow Company contends (1) that the claimant failed to file a claim within the time limits of Code § 65.1-87, (2) that the evidence did not support an award of disability benefits after April 9, 1989, and (3) that the treatment rendered by two chiropractors, Dr. Moss and Dr. Holliday, was not authorized. We find no error and affirm.

On February 24, 1987, while working for the appellant, Trammel Crow Company, Michael Redmond slipped on a patch of ice and fell backward, striking his head. Over a period of months, he was treated by Dr. Dalakas, Dr. Bowman, Dr. Hanley, Dr. Dennis, Dr. Barr, and by the Washington Pain & Rehabilitation Center, all of whose services were authorized and paid for by the appellant's insurer. Dr. Dalakas found that Redmond's injury, and the resulting headaches and neck and back pains, interfered

with his work performance.

Following the accident, Redmond continued to work for the appellant on a light duty basis, drawing his same salary of $23,000 per year. After about two and one-half months, he was laid off and began working for Cambridge Development at a salary of $26,000 per year. After about six months, he was again laid off and began work for Ron's Custom Floors as an estimator and general manager at a salary of $32,000 per year. Because of the continuing symptoms resulting from his February 24, 1987 fall, and upon the advice of Dr. Hanley, Redmond ceased working in October 1988. In April 1989, the appellant's insurer terminated medical benefits.

On September 2, 1987, Peter J. Jones, an attorney at law, wrote to the Industrial Commission, sending a copy to the appellant, as follows:

> RE: My Client:    Michael J. Redmond
> Employer:    Trammel Crow Co., Inc.
> D/Injury:    2/24/87

Dear Sirs:

> Please be advised that I have been retained by the above referenced client to represent him in his claim before the Industrial Commission arising out of an injury occurring on the above referenced date in which Mr. Redmond injured his back when he slipped and fell on ice in the parking lot outside his employment. At that time he injured his head, neck and back.

> Please send copies of all awards along with the memos submitted for the entry of the awards. If no awards have been entered, kindly advise.

No proceedings were then had in the Industrial Commission, but Industrial Commission file no. 128-56-15 was assigned. On November 6, 1987, Mr. Jones wrote the Industrial Commission that he no longer represented Mr. Redmond with respect to this claim. On March 28, 1989, Susan A. Sinrod, an attorney at law, wrote to the Industrial Commission, referring to its file number, notifying it that she represented Mr. Redmond with respect to the claim. At that time, she filed an application for hearing. The In-

dustrial Commission proceedings to which this appeal is addressed ensued.

Code § 65.1-87 provides:

The right to compensation under this Act shall be forever barred, unless a claim be filed with the Industrial Commission within two years after the accident.

The appellant contends that the letter written by Mr. Jones September 2, 1987 was insufficient to constitute the filing of a claim. It contends that a request for a hearing and determination of the claim by the Industrial Commission is a necessary element of the filing of a claim. In support of this position, it relies on *Chalkley v. Nolde Brothers, Inc.*, 186 Va. 900, 45 S.E.2d 297 (1947). In *Chalkley*, the occupant of a Nolde Brothers' truck was injured. Nolde Brothers filed a first report of accident. The injured party did not proceed before the Industrial Commission, but filed a common law action against Nolde Brothers seeking damages as a non-employee. *Id.* at 903, 45 S.E.2d at 299. Counsel for Nolde Brothers wrote to the Industrial Commission requesting a hearing and a determination of the rights of the parties under the Workers' Compensation Act. *Id.* at 904-05, 45 S.E.2d at 300. The Supreme Court held that the letter requesting a determination of rights under the Act was sufficient to constitute the filing of a claim under the Act. *Chalkley* must be read in the context of a filing by the employer. The only relief that could be sought by the employer was a determination of its rights and liabilities by the commission. Hence, its letter requesting that relief was the filing of a claim.

In *Shawley v. Shea-Ball Construction Co.*, 216 Va. 442, 219 S.E.2d 849 (1975), the Supreme Court set forth the purpose of the filing requirement of Code § 65.1-87:

The basic nature of the notice required by Code § 65.1-87 and the necessity for an applicable jurisdictional limitation are apparent. Such notice is often the first knowledge that an employer and his insurance carrier have of an accident and of their potential liability. It is this notice that sets in motion the machinery to determine whether or not an employee has in fact been injured, the nature of the injury, whether it arose out of and in the course of his employment, whether

permanent or temporary, and whether compensable or not. This is the notice which activates the right of the employee to compensation and which invokes the jurisdiction of the Industrial Commission.

*Id.* at 446, 219 S.E.2d at 852.

Mr. Jones' letter of September 2, 1987 contained all of the elements set forth in *Shawley* and fairly apprised the commission that a claim was being made. It identified the employer, the date of the accident, the location of the accident, the injuries that resulted, and stated that his client had a claim. The Industrial Commission is not bound by technical rules of pleading or practice, but conducts its investigations in such manner as in its judgment will expeditiously and accurately determine the substantial rights of the parties. We perceive no error in its finding that the September 2, 1987 letter constituted the filing of a claim.

Appellant further argues that the September 2, 1987 letter was an insufficient filing because a copy thereof was not sent to its insurance carrier. Appellant relies on *Garcia v. Mantech International Corp.*, 2 Va. App. 749, 347 S.E.2d 548 (1986). This reliance is misplaced. *Garcia* held invalid a claim that did not name the correct employer. *Id.* at 752-53, 347 S.E.2d at 550. Here, the correct employer was identified and given notice. The insurance carrier was not a necessary party.

█ The appellant next contends that there was insufficient evidence to support an award of disability benefits after April 9, 1989. We disagree. "Factual findings of the Industrial Commission will be upheld on appeal if supported by credible evidence." *James v. Capitol Steel Constr. Co.*, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). Here, there was sufficient evidence that Redmond made reasonable efforts to market his residual skills as required by *National Linen Service v. McGuinn*, 8 Va. App. 267, 380 S.E.2d 31 (1989). In April 1989, after the insurer denied further benefits, Redmond returned to work even though this had not been cleared by his doctor. Ample testimony was presented of his efforts to locate a job that he was able to perform despite his injuries. He worked for McLean Rentals at $350 per week but had to change employment because he was unable to perform his duties adequately due to his neck and back pains. He then began work for Precision Measuring Services, earning an average of $300 per

week.

The medical evidence revealed that Redmond's injuries interfered with his work. Dr. Moss stated in an August 1989 report: "Patient states he is unable to do a good job at work as a result of decreased ability to concentrate due to pain . . . Patient shows need for chiropractic care . . . Findings are consistent with the injury described." We find that the evidence supports the conclusion that Redmond made a diligent effort to market his residual skills and that his injuries interfered with his work. The commission did not err in awarding continuing disability benefits after April 9, 1989.

Appellant also argues that since there was a six month delay between the hearing and the deputy commissioner's opinion, the opinion is flawed because Redmond's condition may have changed. However, the deputy commissioner's decision relates to the hearing date. If the appellant believes there has been a change in condition since then, its proper remedy is to seek a new hearing pursuant to Code § 65.1-99.

Appellant finally contends that the treatment given by Doctors Holliday and Moss was not authorized. We disagree. Code § 65.1-88(C) states:

> If, in an emergency or on account of the employer's failure to provide the medical care during the period herein specified . . . a physician other than provided by the employer is called to treat the injured employee . . . the reasonable cost of such shall be paid by the employer if ordered to by the Industrial Commission.

In April 1989 the insurer denied Redmond further benefits. This action constituted a failure to provide Redmond medical care. Redmond then sought treatment from a physician of his choice. We have held previously that where an insurer denies liability and refuses to pay compensation, the claimant is entitled to choose his own physician. *Goodyear Tire & Rubber Co. v. Pierce*, 9 Va. App. 120, 128, 384 S.E.2d 333, 338 (1989). Since Trammel Crow and the insurer refused to provide medical care for Mr. Redmond, the treatment rendered by Dr. Holliday and Dr. Moss was authorized by Code § 65.1-88(C).

For the foregoing reasons, the judgment of the Industrial Commission is affirmed.

*Affirmed.*

Keenan, J., and Cole, J.,* concurred.

---

\* Judge Cole participated in the hearing and decision of this case prior to the effective date of his retirement on April 30, 1991 and thereafter by designation pursuant to Code § 17-116.01.