COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

BROWN & ROOT, INC.
AND
ARGONAUT INSURANCE COMPANY

v.   Record No. 1548-95-4                   MEMORANDUM OPINION[*]
                                                 PER CURIAM
LUTHER H. RICHARDS                          DECEMBER 19, 1995

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Mark D. Crawford; Friedlander, Misler, Friedlander,
               Sloan & Herz, on briefs), for appellants.

               (Gregory J. Harris, on brief), for appellee.


     Brown & Root, Inc. and its insurer (hereinafter collectively
referred to as "employer") contend that the Workers' Compensation
Commission erred in finding that (1) Luther H. Richards sustained
a disabling injury by accident arising out of and in the course
of his employment on July 13, 1994; and (2) employer was
responsible for the cost of medical treatment rendered to
Richards by physicians in Texas.  Upon reviewing the record and
the briefs of the parties, we conclude that this appeal is
without merit.  Accordingly, we summarily affirm the commission's
decision.  Rule 5A:27.

                  Injury By Accident and Disability

     On appeal, we view the evidence in the light most favorable
to the prevailing party below.  R.G. Moore Bldg. Corp. v.

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "In order to carry his burden of proving an 'injury by accident,' a claimant must prove that the cause of his injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). We must uphold the commission's findings of fact if they are supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). The determination of causation is a factual finding. Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

Richards testified that on July 13, 1994, as he climbed off of a motor grader, he missed a step to the blade, and caught his entire weight with his arms. He pulled something in his back and neck and he felt a burning sensation from the back of his head to his feet. Richards told his coworkers that he had hurt himself. Although he continued to try to work, he was in pain the rest of the day. That evening, Richards felt dizzy as he stood to go to the dinner table. Later, when he got out of bed to turn off a light, he felt back, shoulder and neck pain, and he lost control of his arms and legs.

Dr. Anil Patel treated Richards the following day. Richards reported a history of slipping from a grader as he missed a step. Dr. Patel referred Richards to Dr. Ian Wattenmaker, a

2

neurosurgeon.  Dr. Wattenmaker noted a history consistent with Richards' testimony as to how the accident occurred.  Dr. Wattenmaker also noted that, several times each day since the incident, Richards had felt an electric burning sensation that started at his neck and radiated into all extremities.  Following his review of an MRI, Dr. Wattenmaker diagnosed cervical myelopathy, C5-6 spondylosis and disk herniation with cord compression, and C4-5 disk herniation with cord compression.  Dr. Wattenmaker opined that Richards' back and neck symptoms had worsened since the July 13, 1994 accident, and Dr. Wattenmaker performed a diskectomy at C4-5 and C5-6 and interbody cervical fusions at C4-5 and C5-6.  Dr. Wattenmaker opined that Richards' soft disc herniation was causally related to the July 13, 1994 injury by accident.

The evidence supports the commission's finding that Richards' proved he sustained a compensable neck injury on July 13, 1994.  Richards' testimony and the medical records and opinions of Dr. Wattenmaker provide credible evidence to support the commission's findings.  Richards testified to an identifiable incident, which was consistent with the medical histories.  Dr. Wattenmaker linked Richards' herniated disc and resulting surgery and disability to this incident.

We find no merit in employer's argument that Dr. Wattenmaker's opinion was not credible because he did not have a complete medical history.  Dr. Wattenmaker's records indicate

that he was aware that Richards suffered from numerous incidents of pain and a burning sensation after the initial injury. Moreover, although Richards had pre-existing cervical spondylosis, Dr. Wattenmaker attributed the disc herniation and subsequent surgery to the July 13, 1994 injury by accident.

Although Dr. Charles Clegg, a chiropractor, had earlier treated Richards for back and neck pain, Dr. Clegg reported that, after treatment with physical therapy and heat, Richards "was doing well" upon release on May 11, 1994.  Richards had been doing well since May 11, 1994 and was able to work as a heavy equipment operator before July 13, 1994.  "[T]he employer takes the employee as he is and if the employee is suffering some physical infirmity, which is aggravated by an industrial accident, the employer is responsible for the end result of such accident."  McDaniel v. Colonial Mechanical Corp., 3 Va. App. 408, 414, 350 S.E.2d 225, 228 (1986).

### Medical Treatment in Texas

Where an employer denies a claim and refuses to pay compensation to an injured employee, the employee is permitted to select his own physician.  Trammel Crow Co., Inc. v. Redmond, 12 Va. App. 610, 615, 405 S.E.2d 632, 635 (1991).  The employer denied Richards' claim.  Richards was advised by Dr. Wattenmaker to seek medical care in Texas.  Consequently, Richards was free to select his own physician.  The commission did not err in holding employer responsible for the cost of medical treatment

4

rendered to Richards in Texas.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>