COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Benton and Coleman


C & S SOVRAN CORPORATION
AND
PENNSYLVANIA MANUFACTURERS                    MEMORANDUM OPINION[*]
 ASSOCIATION INSURANCE COMPANY                   PER CURIAM
                                                JUNE 11, 1996
v.    Record No. 2933-95-3

SALLY STEVENS


                                        FROM THE VIRGINIA
WORKERS' COMPENSATION COMMISSION

          (Monica L. Taylor; Ronnie L. Clay; Gentry,
          Locke, Rakes & Moore, on briefs), for
          appellants.

          (Ginger J. Largen; J. D. Morefield;
          Morefield, Kendrick, Hess & Largen, on
          brief), for appellee.


     C & S Sovran and its insurer (hereinafter collectively

referred to as "employer") contend that the Workers' Compensation

Commission erred in finding that (1) a June 18, 1993 letter

constituted a timely claim for benefits related to Sally Stevens'

right shoulder condition; and (2) Stevens did not unreasonably

discontinue her efforts to market her residual work capacity

between December 23, 1993 and January 5, 1994.  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## I. Statute of Limitations

The facts are not in dispute. On July 17, 1991, while working for employer as a senior teller, Stevens sustained a compensable injury by accident. On February 6, 1992, the commission received a memorandum of agreement signed by Stevens and employer. The memorandum of agreement showed that Stevens had sustained a cervical sprain on July 17, 1991. During the spring of 1992, after the parties had executed the memorandum of agreement, Stevens developed right shoulder symptoms. On June 18, 1993, the commission received a letter from Stevens' counsel, which noted the accident date and counsel's representation. In the letter, Stevens' counsel informed the commission that no award had been entered regarding Stevens' July 17, 1991 injury by accident. Stevens' counsel wrote:With this situation in mind, please treat this letter as a request for hearing for the implementation of weekly Workers' Compensation benefits commencing on July 17, 1991, payment of all unpaid bills which are causally related to treatment for injuries sustained in the subject accident, reimbursement for all reimbursable mileage to date, and such other and further relief as Ms. Stevens may be entitled to under the Act. Obviously, with the time frame in mind, it is imperative that an award order be entered in this claim.

The commission entered an award on June 24, 1993 based upon the memorandum of agreement.

Based upon these undisputed facts, the commission found that the June 18, 1993 letter, filed with the commission approximately one month before the two-year limitations period expired, was sufficiently broad to constitute a claim for Stevens' right shoulder condition. Accordingly, the commission held that the two-year limitations period did not bar it from considering Stevens' claim for benefits related to her right shoulder condition.

A claim for an employee's right to compensation must be filed with the commission within two years from the date of the accident. Code § 65.2-601. "Such a claim must identify the employer, the date of the accident, the location of the accident, and the injuries suffered. Also, it must 'fairly apprise the commission that a claim [is] being made.'" Cheski v. Arlington County Public Schools, 16 Va. App. 936, 938, 434 S.E.2d 353, 355 (1993) (quoting Trammel Crow Co. v. Redmond, 12 Va. App. 610, 614, 405 S.E.2d 632, 634 (1991)). There is no dispute that the June 18, 1993 letter identified the employer and the date of Stevens' accident. Employer contends that the letter did not constitute a "claim" for benefits related to Stevens' right shoulder condition because it did not state the exact injuries Stevens sustained in the accident or the location of the accident. We disagree.

In the June 18, 1993 letter, Stevens made it clear that she sought an award of benefits for "all unpaid bills which are

3

causally related to treatment for injuries sustained in the subject accident." This statement was broad enough to include a claim for benefits related to Stevens' right shoulder condition. The medical records, known to employer, clearly established that Stevens sustained a right shoulder injury as a result of the accident. Moreover, her treatment for this condition occurred well before the two-year limitations period expired. The fact that Stevens did not specify the location of her accident was not fatal to her claim. A memorandum of agreement had already been signed by employer agreeing to the compensability of Stevens' accident. In this case, unlike Shawley v. Shea-Ball Constr. Co., 216 Va. 442, 219 S.E.2d 849 (1975), the intent of Code § 65.2-601 was fulfilled. Stevens timely filed a claim for benefits related to all injuries arising out of her July 17, 1991 accident, employer knew of the location and occurrence of Stevens' accident before the June 18, 1993 letter, and employer knew of Stevens' medical treatment for her right shoulder condition, which occurred prior to the expiration of the two-year limitations period.

The June 18, 1993 letter constituted a timely claim for all injuries causally related to Stevens' July 17, 1991 accident, including her right shoulder condition. The evidence showed that the commission and employer were fully apprised that Stevens was making such a claim. Accordingly, the commission did not err in finding that the two-year limitations period did not bar it from

4

considering Stevens' claim for benefits related to her right shoulder condition.

## II. <u>Marketing</u>

There is no dispute that Stevens adequately marketed her residual work capacity through December 23, 1993. It was undisputed that the hearing commenced on January 5, 1994, and that two major holidays occurred between December 23, 1993 and January 5, 1994. Based upon these facts, the commission ruled that it was not unreasonable for Stevens to discontinue her marketing efforts during this short period of time. We agree. This case is controlled by our holding in <u>Holly Farms v. Carter</u>, 15 Va. App. 29, 422 S.E.2d 165 (1992). Contrary to employer's assertions on appeal, there is no evidence that Stevens did not intend to resume her marketing efforts after the January 5, 1994 hearing.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>