COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Benton and Coleman
Argued at Salem, Virginia


ABB PAINT FINISHING and
 BIRMINGHAM FIRE INSURANCE
 COMPANY OF PENNSYLVANIA

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0055-97-3         JUDGE SAM W. COLEMAN III
                                         OCTOBER 14, 1997
BURLEY W. HENLEY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            M. Lanier Woodrum (Wooten & Hart, P.C., on
            brief), for appellants.

            Helen J. Spence (Beller & Spence, P.C., on
            brief), for appellee.


        In this appeal from the Workers' Compensation Commission,

ABB Paint Finishing (employer) contends that the commission erred

in finding that Burley W. Henley (claimant) made a reasonable

effort to market his remaining work capacity thereby entitling

him to temporary total disability benefits.  Specifically, the

employer asserts that the claimant's efforts to market his

residual capacity could not have been reasonable, as a matter of

law, because he restricted his job search to sheet metal work,

which was the work that he was considered disabled from

performing.  Therefore, the employer argues, he was searching

only for a job that he was not qualified to perform.  Finding no

error, we affirm the commission's decision.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

In order to qualify for continuing disability benefits, a claimant who has reached maximum medical improvement but remains partially disabled has a duty to make a reasonable effort to market his residual work capacity. National Linen Serv. v. McGuinn, 8 Va. App. 267, 269, 380 S.E.2d 31, 33 (1989). The burden is on the claimant to show that he has made a reasonable effort to obtain work but has been unable to do so. Washington Metro. Area Transit Auth. v. Harrison, 228 Va. 598, 601, 324 S.E.2d 654, 655 (1985). What constitutes a reasonable marketing effort is determined by the facts and circumstances of each case. Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 100 (1987).

"In determining whether a claimant has made a reasonable effort to market his remaining work capacity, we view the evidence in the light most favorable to the prevailing party before the commission." McGuinn, 8 Va. App. at 270, 380 S.E.2d at 33. The commission's factual findings will be upheld if supported by credible evidence in the record. Trammell Crow Co. v. Redmond, 12 Va. App. 610, 614, 405 S.E.2d 632, 635 (1991).

We said in dicta in McGuinn, 8 Va. App. at 272 n.3, 380 S.E.2d at 34 n.3, that an example of where "a claimant would not be acting in good faith [would be] if he or she only applied for jobs similar to the previous employment, for which the claimant is obviously disabled and, therefore, would never be hired." That situation does not appertain in this case. Although the

claimant was deemed medically disabled from performing a sheet metal job, he had been performing the job for his employer at the time he was laid off. Thus, despite his partial disability, the commission could find that he was making a good faith effort to find the work that he was qualified to do by training and had recently performed. There was no evidence that the claimant's efforts were not in good faith, that he was not willing to take a sheet metal job if one was offered to him, that he used his disability to discourage potential employers from offering him a job, or that he would not be able to physically perform the job despite his partial disability, as he had with the employer. Thus, the commission could find that the claimant was not limiting his job search to work "for which [he] is obviously disabled and, therefore, would never be hired." Id.

Here, credible evidence supports the commission's finding that Henley made a reasonable effort under the circumstances to market his residual work capacity. The forty-eight-year-old claimant, who had an eighth grade education, had worked for 22 years as a sheet metal journeyman. After being laid off by the employer, for whom he had returned to work as a sheet metal worker, he registered with the Virginia Employment Commission (VEC) and searched the classified ads for jobs as a sheet metal worker. He testified that he also registered with his union's business agent which is the primary way sheet metal workers find employment. He testified that sheet metal workers are rarely

hired through employment advertisements or direct contact.  He acknowledged that he restricted his job search in the time following his layoff to sheet metal work, but neither the VEC, nor the classified ads produced jobs suitable to his skills.  The claimant obtained a job as a sheet metal worker through the union business agent within three months of being laid off.

Considering the claimant's age, limited education, work experience, specialized job skills, lack of other training, physical restrictions, and the fact that he was undergoing physical therapy after being laid off, we cannot say that the claimant's effort to market his residual work capacity was not reasonable as a matter of law.  Although the claimant restricted his job search to sheet metal work for which he was qualified by training, a job which he obtained within three months, the commission did not err in finding his efforts reasonable under the circumstances.  Because credible evidence supports the commission's finding that the claimant made reasonable efforts to market his residual capacity, we affirm.

Affirmed.