COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


INTERNATIONAL DESIGN SERVICES AND
 STATE FARM FIRE & CASUALTY COMPANY
                                      MEMORANDUM OPINION*
v.    Record No. 1318-00-4                 PER CURIAM
                                       OCTOBER 10, 2000
PAUL A. PAGNATO


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Benjamin J. Trichilo; Trichilo, Bancroft,
          McGavin, Horvath & Judkins, P.C., on briefs),
          for appellants.

          (James F. Green; Ashcraft & Gerel, on brief),
          for appellee.


     International Design Services and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission erred in (1) finding that Paul A.

Pagnato (claimant) met his burden of proving entitlement to

temporary total disability benefits commencing September 1, 1998

and continuing; and (2) relieving claimant of his burden of

proof by presuming continuing disability and awarding continuing

temporary total disability benefits based upon Dr. Harold Allen,

Jr.'s out-of-date medical reports and opinions.  Upon reviewing

the record and the briefs of the parties, we conclude that this

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  See Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In awarding claimant continuing temporary total disability benefits after September 1, 1998, the commission found as follows:

> We find based on the reports of Dr. [Angela W.] Santini and the deposition of Dr. Allen that the claimant has remained totally disabled since his attempt to return to light duty work [in August 1998].  Before the [January 13, 1998] accident the claimant only received medical treatment after 1992 for his back on at most four occasions.  Dr. Allen was very specific in testifying that the August 14, 1997 treatment was for sacroiliitis and gluteus strain and not a back problem.  Therefore the last indication of any back problem is the March 2, 1995 visit after playing golf.  This is almost 3 years before the claimant return [sic] on January 27, 1998.  Dr. Allen has been the claimant's treating doctor since 1992.  He is also in the same practice as Dr. Santini, who treated the claimant immediately after the accident.  We find that Dr. Allen, because of his knowledge of the claimant's pre-injury treatment, as well as his post-accident examinations, is in the best position to determine both the disability and its causal relationship.  We are cognizant that the claimant was examined by

Dr. [Robert O.] Gordon and have carefully reviewed his report. However, we do not find that Dr. Gordon's opinion based on one evaluation is sufficient to overcome that of the physician who has treated the claimant since 1992. . . . We also note Dr. Allen's testimony that, unless the claimant's condition improved, it was unnecessary for him to see the claimant in order to determine his continuing disability. In addition, we note the claimant was apparently continuing to receive injections from Dr. Brown. . . . If the employer had evidence that the claimant's disability had abated pending the opinion, it could have filed a protective Application for Hearing.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). In its role as fact finder, the commission was entitled to accept the opinions of Dr. Allen, claimant's treating physician, and to reject the contrary opinion of Dr. Gordon, who only examined claimant on one occasion, at employer's request, more than one year after claimant's accident. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). Dr. Allen's response to claimant's counsel's questionnaire on January 26, 1999 and Dr. Allen's March 31, 1999 deposition testimony, coupled with claimant's testimony regarding his continuing symptoms, medical treatment and disability, provide ample credible evidence to support the commission's finding that

- 3 -

claimant remained totally disabled after September 1, 1998. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Moreover, we find no merit in employer's argument that the commission erred in retroactively awarding continuing disability benefits based upon Dr. Allen's "out-of-date" medical reports and opinions. Employer contends that the commission erred in affirming the award for continuing disability benefits seventeen months after Dr. Allen's December 3, 1998 examination of claimant.

The commission's decision related to claimant's condition as of the date of the hearing, February 2, 1999. If employer believed that claimant's condition had changed since that date and that his disability had abated after the hearing date, "its proper remedy [was] to seek a new hearing pursuant to Code § 65.1-99 [now Code § 65.2-708]." Trammel Crow Co. v. Redmond, 12 Va. App. 610, 615, 405 S.E.2d 632, 635 (1991). Under the circumstances of this case, the commission did not relieve claimant of his burden of proving continuing disability nor did it err in awarding him temporary total disability benefits commencing September 1, 1998 and continuing.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>