COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Coleman


AFTON INN AND
 TRAVELERS INDEMNITY COMPANY OF ILLINOIS
                                      MEMORANDUM OPINION*
v.    Record No. 2688-02-3                 PER CURIAM
                                         MARCH 11, 2003
SUSAN I. PFORR


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Warren H. Britt; Anne C. Byrne; Warren H.
          Britt, P.C., on brief), for appellants.

          (A. Thomas Lane, Jr., on brief), for
          appellee.


     Afton Inn and its insurer (hereinafter referred to as

"employer") contend the Workers' Compensation Commission erred

in finding that Susan I. Pforr (claimant) proved that Dr. Ron

Lowman's chiropractic treatment was causally related to her

compensable November 7, 2000 injury by accident.  Upon reviewing

the record and the parties' briefs, we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Credible evidence established that employer did not offer claimant a proper panel of physicians and that it denied her claim. Accordingly, the commission did not err in ruling that claimant was permitted to choose her own treating physician. See Trammel Crow Co. v. Redmond, 12 Va. App. 610, 615, 405 S.E.2d 632, 635 (1991). Claimant elected to pursue treatment with Dr. Lowman, a chiropractor, who became her authorized treating physician for her compensable back injury beginning February 21, 2001.

Dr. Lowman's office notes did not comment upon the issue of causation. However, in response to claimant's counsel's questions, Dr. Lowman indicated on August 22, 2001, that it was more probable than not that his treatment of claimant was directly related to her compensable November 7, 2000 injury by accident. Moreover, the commission could reasonably infer that Dr. Lowman would have been aware of claimant's November 7, 2000 injury during his course of treatment because the initial patient information form completed by claimant, and part of Dr. Lowman's medical records, indicated the cause of her injury was "fall, because wet carpet, fell on concreat [sic]."

Dr. Lowman's opinion constitutes credible evidence to support the commission's finding that his treatment was causally

- 2 -

related to claimant's compensable November 7, 2000 injury by accident and, therefore, was the responsibility of employer. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).  "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Id.

For these reasons, we affirm the commission's decision.

Affirmed.