COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Petty and Alston
Argued at Chesapeake, Virginia


LINDA McINTYRE

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2361-10-1                      JUDGE ROSSIE D. ALSTON, JR.
                                                         JUNE 28, 2011
DMHMRSAS EASTERN STATE HOSPITAL/
 COMMONWEALTH OF VIRGINIA


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Stephen F. Forbes (Forbes & Broadwell, on brief), for appellant.

            Scott John Fitzgerald, Senior Assistant Attorney General (Kenneth T.
            Cuccinelli II, Attorney General; Wesley G. Russell, Jr., Deputy
            Attorney General; Peter R. Messitt, Senior Assistant Attorney General,
            on brief), for appellee.


        Linda McIntyre (claimant) appeals a majority decision of the Workers' Compensation

Commission (the commission) denying reimbursement for claimant's treatment with Dr. Arnold

Beresh.  The commission determined that claimant's treatment with Dr. Beresh was unauthorized

and that claimant lacked "good reasons" to seek this treatment.  Claimant argues that the

commission erred in making these determinations because the denial of medical benefits by

self-insured Eastern State Hospital (employer) was a failure to provide medical care under Code

§ 65.2-603(C).  We agree.  In our view, employer's letter effectively terminated claimant's

benefits, and as such, she was free to seek treatment from a doctor of her choice.  Accordingly,

we remand this case to the commission for further proceedings not inconsistent with this opinion.

---

    [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

Claimant worked as a certified nursing assistant for employer. On February 13, 2009, she injured her right ankle when she released the brake on a "Geri-Chair" and accidentally kicked the chair. Claimant felt an immediate sharp pain and could not bear weight on the ankle. Two of claimant's co-workers testified before the deputy commissioner that claimant had no difficulty with either of her lower extremities prior to the incident. Employer accepted the injury as compensable and agreed to the commission's June 24, 2009 award of benefits. Claimant received temporary total disability benefits for a period of several weeks and lifetime medical benefits for reasonable, necessary, and authorized medical treatment for the right ankle injury.

Claimant began treatment with Dr. Michael Levine. On May 6, 2009, Dr. Levine referred claimant to Dr. John McCarthy, an orthopedist. On June 1, 2009, after examining claimant and reviewing her MRI, Dr. McCarthy opined that the MRI showed "no evidence of an acute injury" in a letter to employer. He further stated that he believed that claimant's injury was the result of a chronic condition. On July 1, 2009, Dr. McCarthy wrote a second letter to employer. Again, he stated that he believed claimant suffered from "more of a chronic problem." He prescribed orthotics for her condition.

In a July 15, 2009 letter to employer, Dr. McCarthy stated that he could not be sure of the relation between claimant's symptoms and her workplace injury. Specifically, Dr. McCarthy reported: "I cannot say for certain that there is a relation between her symptoms and findings based on her mechanism of injury." Dr. McCarthy further noted, "[H]er pain is caused by posterior tibial tendonitis. I am not sure how releasing the brake on a Gerry chair [sic] would [have] injured the tendon. . . ."

Claimant last saw Dr. McCarthy on July 27, 2009. That day, Dr. McCarthy noted new bruising. He reviewed claimant's June 1, 2009 MRI with her and explained that the MRI results

appeared normal. Dr. McCarthy then referred claimant to Dr. Mark Jones, a foot and ankle specialist in Richmond. Claimant asked Dr. McCarthy to refer her to another specialist because Dr. Jones' office was a great distance from her home. Dr. McCarthy refused.

Upon returning home from Dr. McCarthy's office on July 27, 2009, claimant received a letter, dated July 24, 2009, from employer.[1] The letter read:

> We are in receipt of Dr. McCarthy's response to our causality letter inquiring of the cause of your symptoms. It appears your condition is chronic in nature and not related to the original workers' compensation injury.
>
> *We are unable to make any further payments from this claim. Please notify your medical providers to file all related charges with your primary health insurance for payment.* If you have any questions, I can be reached at (804) 775-0708.

(Emphasis added). According to claimant, she understood this letter to mean that employer was terminating workers' compensation benefits for her injury. Claimant also testified that, upon receiving the letter, she telephoned the author of the letter, who stated that "they wouldn't pay any more." Claimant neither returned to Dr. McCarthy's office to challenge his opinion of her condition, nor did she treat with Dr. Jones in Richmond. Claimant testified that she did not want to drive to Richmond with an injured right ankle. Further, based on employer's letter, claimant did not believe that employer would pay for the specialist's treatment.

On August 14, 2009, claimant began treatment with her primary care physician, who subsequently referred claimant to an orthopedist, Dr. Swenson. Claimant never saw Dr. Swenson. Instead, claimant began treatment with Dr. Arnold Beresh on August 21, 2009. Claimant was referred to Dr. Beresh by her attorney, who did not notify employer or the commission of the referral.

---

[1] Because employer was self-insured, any actions taken by the third-party administrator of employer's insurance will be attributed to employer in this opinion.

Dr. Beresh recommended physical therapy and an EMG. Dr. Beresh also administered injections for claimant's pain. Dr. McCarthy had not attempted this treatment modality. Dr. Beresh informed claimant that her EMG was abnormal and that her injury was related to the industrial accident; specifically, Dr. Beresh indicated claimant suffered from a trapped nerve in her right ankle. According to claimant, Dr. Beresh's treatment improved her ankle's condition. On February 17, 2010, Dr. Beresh wrote a letter to claimant's attorney, opining consistent with his diagnosis and treatment of claimant, that claimant's pain was related to her workplace injury.

Claimant filed a claim for benefits on October 19, 2009, seeking temporary total disability benefits commencing on August 10, 2009, through the present and continuing, as well as reimbursement for medical bills from Dr. Beresh's office, commencing August 2009. After a hearing on the matter, Deputy Commissioner Lee issued a letter opinion on March 18, 2010. Deputy Commissioner Lee determined that while claimant's treatment with Dr. Beresh was causally related to the original work injury, it was unauthorized. In determining that the treatment was unauthorized, Deputy Commissioner Lee found that claimant had established a course of treatment with Dr. McCarthy and that she was not confronted with an emergency that justified her treatment with another physician. According to Deputy Commissioner Lee, claimant had neither sought nor obtained permission from employer or the commission to change doctors. Furthermore, the deputy commissioner determined that claimant's treatment with Dr. McCarthy was not "inappropriate," nor was it "misguided, detrimental, or inadequate." Accordingly, Deputy Commissioner Lee found that employer was not responsible for claimant's treatment with Dr. Beresh because that treatment was unauthorized. Although the deputy commissioner denied claimant reimbursement for Dr. Beresh's treatment, the deputy commissioner awarded the payment of temporary total disability benefits from August 14 through September 20, 2009.

Claimant appealed the deputy commissioner's ruling to the full commission. On October 6, 2010, the commission affirmed the opinion of Deputy Commissioner Lee. The commission noted that employer had not appealed the deputy commissioner's finding that claimant's treatment with Dr. Beresh was directly related to her workplace injury. Accordingly, the commission did not review that finding and treated it as final. Additionally, neither party appealed the award of temporary total disability benefits, and the commission treated that finding as final as well.

The commission considered only the issue that claimant appealed: whether the deputy commissioner erred by finding that employer was not responsible for claimant's treatment with Dr. Beresh because that treatment was unauthorized. In reaching its decision, the commission relied on Code § 65.2-603(C), which states:

> If in an emergency or on account of the employer's failure to provide the medical care during the period herein specified, or for other good reasons, a physician other than provided by the employer is called to treat the injured employee, during such period, the reasonable cost of such service shall be paid by the employer if ordered so to do by the Commission.

The commission further relied upon Shenandoah Products v. Whitlock, 15 Va. App. 207, 212, 421 S.E.2d 483, 486 (1992), to explain that the so-called "other good reasons" exception stated within Code § 65.2-603(C) required a claimant receiving medical treatment from a doctor other than one provided by the employer prove that he or she acted in good faith, that the treatment provided by the employer was inadequate, and that the unauthorized treatment was medically reasonable and necessary.

The commission determined that claimant failed to carry her burden of proof. Claimant did not allege that an emergency had occurred, and claimant did not seek permission from employer to treat with Dr. Beresh. The commission then analyzed whether claimant was entitled to treat with Dr. Beresh based upon the "other good reasons" exception and employer's failure to

provide medical care. According to the commission, claimant did not meet the exception because claimant did not treat with Dr. Beresh in good faith. The commission noted that claimant made no attempt to speak with employer prior to treating with Dr. Beresh.[2] Additionally, the commission found that employer's letter informed claimant that employer would not pay for claims unrelated to the work injury, but they were continuing payments for related treatment.

The commission also determined that claimant had failed to provide a good reason for her unauthorized treatment with Dr. Beresh. The commission noted that claimant failed to establish the specific circumstances that warranted a change in treating physicians, pursuant to Apple Construction Corp. v. Sexton, 44 Va. App. 458, 461, 605 S.E.2d 351, 352 (2004). The commission noted several circumstances that could justify a change, but it determined that claimant's case did not merit a change in treating physicians. According to the commission, Dr. McCarthy was providing adequate, albeit conservative, medical treatment; was willing to continue treatment with claimant; and had properly referred claimant to a specialist. The commission determined that, despite the letter from employer, no good reason existed for claimant to change medical providers. Thus, relying on Shenandoah Products, 15 Va. App. 207, 421 S.E.2d 483, the commission majority held that claimant's treatment with Dr. Beresh was unauthorized and employer was not responsible for payments to Dr. Beresh. Accordingly, a majority of the commission upheld Deputy Commissioner Lee's ruling.

Commissioner Diamond dissented from the commission's majority opinion based on her view that employer had terminated benefits with its July 24, 2009 letter. Commissioner Diamond noted that employer's letter informed claimant of Dr. McCarthy's belief that her condition was not related to her workplace injury and that she should "'file all related charges

---

[2] This finding was made despite claimant's uncontradicted testimony that she spoke with the author of employer's letter, which claimant alleged terminated her benefits.

with [her] primary health insurance for payment.'" According to Commissioner Diamond, a reasonable person would have concluded that employer would not pay for treatment with Dr. McCarthy. Thus, claimant was free to choose a physician at this point because employer had failed to provide medical care pursuant to Code § 65.2-603(C) through its refusal "to make [any] further payments from this claim."

Claimant timely noted an appeal to this Court.

## II. ANALYSIS

"On appeal, 'we view the evidence in the light most favorable to the prevailing party' before the commission." Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 72, 577 S.E.2d 538, 539 (2003) (citing Tomes v. James City Cnty. Fire, 39 Va. App. 424, 429, 573 S.E.2d 312, 315 (2002); Grayson Cnty. Sch. Bd. v. Cornett, 39 Va. App. 279, 281, 572 S.E.2d 505, 506 (2002)). However, because this review necessitates the application of law to fact or an interpretation of law, this Court reviews the issue *de novo.* Jones v. Brandt, 274 Va. 131, 135, 645 S.E.2d 312, 314 (2007); Brown v. Fox, 189 Va. 509, 517, 54 S.E.2d 109, 113 (1949); City of Waynesboro v. Harter, 1 Va. App. 265, 269, 337 S.E.2d 901, 903 (1985).

Once a workplace accident is established, an "employer shall furnish . . . , free of charge to the injured employee, a physician chosen by the injured employee from a panel of at least three physicians selected by the employer and such other necessary medical attention." Code § 65.2-603(A)(1). Under the Workers' Compensation Act, "the employer has the obligation and responsibility to supply medical treatment that is prompt, in compliance with the statutory requirements on choice of physicians, and adequate." Goodyear Tire & Rubber Co. v. Pierce, 9 Va. App. 120, 128, 384 S.E.2d 333, 338 (1989) (citing 2 Arthur Larson, The Law of Workmen's Compensation § 61.12(d) (1987)).

This case asks us to analyze whether, under the distinct circumstances of this case, employer failed to provide medical care pursuant to Code § 65.2-603(C). This Court has determined that an insurer's improper denial of further benefits constitutes a failure to provide medical care. Trammel Crow Co. v. Redmond, 12 Va. App. 610, 615, 405 S.E.2d 632, 635 (1991) (considering Code § 65.2-603's predecessor statute, Code § 65.1-88). A failure to provide medical care for a compensable injury entitles a claimant to seek out another physician. Id. ("[W]here an insurer denies liability and refuses to pay compensation, the claimant is entitled to choose his own physician.") (citing Goodyear Tire & Rubber Co., 9 Va. App. at 128, 384 S.E.2d at 338)).

The claimant in Trammel Crow Co., 12 Va. App. 610, 405 S.E.2d 632, faced a predicament similar to this case. The claimant in Trammel Crow Co. suffered a workplace accident, and he received physical therapy and other medical services that were authorized and paid for by the employer's insurer. Id. at 611-12, 405 S.E.2d at 633. Approximately two years after the accident, the insurer improperly terminated the claimant's medical benefits. Id. The claimant then received treatment from a physician of his choice. Id. at 615, 405 S.E.2d at 635. This Court determined that the insurer's wrongful termination of benefits constituted a failure to provide medical care and that the employer was responsible for the reasonable costs associated with the claimant's treatment by a physician of his choice. Id.

In a similar situation, the claimant in Goodyear Tire & Rubber Co., 9 Va. App. 120, 384 S.E.2d 333, suffered a workplace accident, but the insurer refused to pay for medical treatment. The employer determined that the claimant had not suffered a workplace accident. Id. at 122, 384 S.E.2d at 334-35. Accordingly, the employer refused to provide medical treatment, and the claimant then sought the treatment of a physician of his own choosing. Id. at 127-28, 384 S.E.2d at 337-38. The commission later determined that the accident was compensable and the claimant

was entitled to reimbursement for the medical expenses he had incurred with the physician of his choice. Id. at 122, 384 S.E.2d at 335.

Because in the instant case employer's letter effectively terminated claimant's benefits as a matter of law, we hold that the commission erred in its finding that claimant's treatment with Dr. Beresh was unauthorized. In its entirety, employer's July 24, 2009 letter reads:

> We are in receipt of Dr. McCarthy's response to our causality letter inquiring of the cause of your symptoms. It appears your condition is chronic in nature and not related to the original workers' compensation injury.
>
> We are unable to make any further payments from this claim. Please notify your medical providers to file all related charges with your primary health insurance for payment. If you have any questions, I can be reached at (804) 775-0708.

"Factual findings of the [commission] will be upheld on appeal if supported by credible evidence." James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). Neither party disputes the contents of the letter. "[W]hen the facts are undisputed, their interpretation is a matter of law," Williamson v. Va. Emp't Comm'n, 56 Va. App. 14, 17, 690 S.E.2d 304, 305-06 (2010) (citing Wells v. Commonwealth, Dep't of Transp., 15 Va. App. 561, 563, 425 S.E.2d 536, 537 (1993)), and this Court is not bound by the commission's determinations regarding questions of law, id. (citing Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 324, 416 S.E.2d 708, 711 (1992), aff'd, 245 Va. 337, 428 S.E.2d 905 (1993)).

Employer's letter terminated claimant's benefits as a matter of law. The letter referenced *all* of claimant's symptoms without distinguishing between the symptoms causally related to her workplace injury and the symptoms not causally related to her workplace injury. The letter made no mention of employer's obligation to continue to pay for causally-related symptoms. Furthermore, employer referenced claimant's "condition" in the singular. Thus, employer treated all of claimant's medical difficulties as a single entity and did not allow for the distinction

between the condition for which claimant received workers' compensation and the condition for which claimant's private insurance company would be theoretically responsible. Additionally, the letter questioned whether claimant's condition was related to the original compensable injury *at all*, which contradicted the determination of the commission. Finally, employer specifically stated that it would not "make any further payments from this claim," indicating that employer would not pay for any treatment with Dr. McCarthy, who was claimant's treating physician for her compensable injury. The practical implication of this letter was to inform claimant that her future medical services would be at her own expense and that she would not receive such services at the expense of the employer. Employer's letter to claimant was tantamount to a denial of liability.

"We have held that the employer's denial of liability under the [Workers' Compensation Act] is equivalent to a refusal to provide the employee with medical services." Goodyear Tire & Rubber Co., 9 Va. App. at 128, 384 S.E.2d at 338 (citing Bradley v. Southland Corp., 3 Va. App. 627, 629, 352 S.E.2d 718, 719 (1987)). "The employer cannot refuse to provide an employee with full medical service and also insist that [she] seek medical care only from physicians it selects." Id. As recognized in Goodyear Tire & Rubber Co, **"**such a policy would require an employee to seek treatment from a physician chosen by the employer but would not require the employer to pay the physician's charges." Id. (citing Bradley, 3 Va. App. at 629, 352 S.E.2d at 719). When employer denied responsibility for providing claimant with future medical services, claimant was entitled to choose her own physician.

Employer's denial of benefits, under the distinct facts of this case, constituted a failure to provide medical care as a matter of law. See Trammel Crow Co., 12 Va. App. at 615, 405 S.E.2d at 635; Goodyear Tire & Rubber Co., 9 Va. App. at 128, 384 S.E.2d at 338. Thus, claimant was entitled to seek out a physician of her own choosing. Trammel Crow Co., 12

Va. App. at 615, 405 S.E.2d at 635; <u>Goodyear Tire & Rubber Co.</u>, 9 Va. App. at 127-28, 384

S.E.2d at 337-38.  Accordingly, we reverse the decision of the commission and remand for

further proceedings not inconsistent with this opinion.

<u>Reversed and remanded.</u>